IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3076-FL

| | |
|---|---|
| DAWN L. WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| FRANK PERRY, THOMAS ASBELL, | ) |
| JOSEPH HAMLIN, EURGIA C. LAND, | ) |
| HILTON WADE, J. SUTTONS, | ) |
| ROBERT ANDERSON, PAUL | ) |
| WOOTEN, ANTHONY SPEIGHT, and | ) |
| DAVID FORMEN, | ) |
| | ) |
| Defendants. | ) |

Plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court are plaintiff's motion for summary judgment (DE 12), motion to appoint counsel (DE 17), and motions to amend his complaint (DE 18, 19, 20).

A.    Motions to Amend

Plaintiff filed three motions to amend his complaint as well as several letters and miscellaneous filings. The court ALLOWS plaintiff's first motion to amend as a matter of course. See Fed. R. Civ. P. 15(a). Because the court allows plaintiff the opportunity to particularize his allegations as set forth below, the court DENIES as FUTILE plaintiff's second and third motions to amend his complaint. See Scott v. Family Dollar Stores, Inc., 733 F.3d 105, 121 (4th Cir. 2013) (citing Laber v. Harvey, 438 F.3d 404, 426-27 (4th Cir. 2006)).

As for plaintiff's letters and miscellaneous filings, the court rejects plaintiff's attempts to amend his complaint without obtaining leave of court. See United States v. Jones, 842 F.2d 1293, *1 (4th Cir. Mar. 9, 1988); Crump v. N.C. Dep't of Corr., No. 3:05CV325–02–MU, 2009 WL 2738459, *5 (W.D.N.C. Aug. 26, 2009). Thus, the court will not consider any potential claims set forth in plaintiff's miscellaneous filings and plaintiff is cautioned that any future attempt to amend his complaint must be through a proper motion pursuant to Federal Rule of Civil Procedure 15(a).

B.     Frivolity Review

The court now conducts a frivolity review of both plaintiff's complaint and first amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's pleadings are unclear and he must particularize his allegations. Specifically, plaintiff must name the party responsible for his alleged deprivation, the injury stemming from the party's actions or inactions, and the alleged facts to support his claim. Plaintiff further is on notice that he must connect the named defendants with the alleged conduct which resulted in the alleged constitutional violation. Moreover, plaintiff is reminded that his amended complaint must comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Plaintiff further is reminded of The Prison Litigation Reform Act's requirement that a prisoner exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a). Finally, the court notifies plaintiff that his amended complaint will be considered the complaint in its entirely, and the court will not review plaintiff's other filings to glean any misplaced claims.

2

C.  Motion to Appoint Counsel

Plaintiff requests counsel to assist him with litigating this action. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

Plaintiff's action is not complex, and he has demonstrated through the detail of his filings that he is capable of proceeding pro se. As such, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

D.  Motion for Summary Judgment

Plaintiff filed a motion for summary judgment arguing that defendants have "no legal ground with which to refute the allegations of violating my Federal Constitutional Rights and consistently breaking North Carolina State Criminal Law." (Pl.'s Mot. p. 1.) Defendants, however, have not yet been served in this matter. Accordingly, plaintiff's motion is DENIED as PREMATURE.

For the foregoing reasons, the court rules as follows:

(1)  Plaintiff's motion to appoint counsel (DE 17) is DENIED;

(2) Plaintiff's first motion to amend (DE 18) is GRANTED, but his remaining motions to amend (19, 20) are DENIED as FUTILE;

(3) Plaintiff must file his particularized complaint as directed above within 14 days of this court's order. Failure to respond to this court's order will result in dismissal of this action without prejudice;

(4) Plaintiff's motion for summary judgment (DE 12) is DENIED as PREMATURE.

SO ORDERED, this the 7th day of October, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge